UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:   Donald Magett and Wenona Magett                                    Case#:05-20852
                                                                            Chapter 13
         Debtor(s)                                                          Hon.
                                                                            Filed:10/30/05

## CHAPTER 13 PLAN

( X )Original or ( )Amendment No.:      ( )Pre-Confirmation   ( )Post-Confirmation

**I.     GENERAL PROVISIONS**

This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.  Terms listed after a "( )" are applicable only if the box is checked.

1. **PLAN PAYMENT**  The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as in, or may be necessary for the execution of the Plan.  The Debtor, or the Debtor's employer shall pay to the Trustee the sum of $ **1345.00**___ per ( )week, ( )bi-weekly, ( )semi-monthly, ( **X** )monthly, or ( )other _____.  The Debtor shall submit all disposable income directly to the control and supervision of the Trustee.  If the Debtor becomes 30 days delinquent in making payments under the plan the Trustee may submit a Payroll Order to the Court with an appropriate affidavit (copied to the Debtor and the Debtor's Counsel) and the Court may enter the Payroll Order to the Court without further hearing.  The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed. *The First month's payment to the Plan is due within 30 days of filing the Plan.*

2. **LIQUIDATION TEST**  The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

3. **DISPOSABLE INCOME & TAX REFUNDS**   If this Plan provides for a dividend of less than 100% to all filed and allowed unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. §1325(b)(2) for a period of not less than 36 months from the date the first Plan payment was due, including, but not limited to:  income tax returns, property tax credits, gambling winnings, inheritances, judgments, settlements, etc., received during that period.  The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowance(s) and/or marital status.  The Trustee shall have the discretion to increase the percentage to the unsecured creditors as a result of additional payments made under this provision.

4. **BALLOON PAYMENT**  The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation.

5. **VESTING OF ESTATE PROPERTY**  Upon confirmation of the Plan, all property of the estate shall vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan.

6. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**  During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not

       dispose of any non-exempt real or personal property of a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. §364.

7. **UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to repay the claim within the class, unless the claim is disallowed.

8. **ALLOWANCE OF LATE FILED CLAIMS**  Any claim that is late-filed for omitted pre-petition creditors due to a failure to receive notice of the Bankruptcy Petition filing shall be allowed as timely filed after a proper motion and hearing on the allowance of said claim.

9. **PLAN REFUNDS**  The Trustee may in the exercise of her duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to Creditors, to meet emergency situations which may arise during the course of the Plan.  The Plan duration shall be extended to the extent necessary to repay all refunds granted.

10. **PAYMENTS TO RETIREMENT ACCOUNT**  If the Plan is Confirmed as a 100% Plan for unsecured creditors, and is ever modified to reduce such dividend below 100%, and the Debtor is making voluntary contributions to a 401k or similar pan, and/or making voluntary repayments on a loan taken against the 401k or similar plan, the Debtor herby agrees to the following:
    a. Current contributions to the 401 k or similar plan shall cease on the date the Chapter 13 Plan is modified to less than 100% Plan, and the Debtor's payment to the Chapter 13 Plan shall increase by that amount, and,
    b. The Trustee has a reserved right to bring any action pursuant to the Trustee's avoidance powers as defined by the Code, with respect to pre-petition or post-petition contributions and/or loan repayments made from the inception of the case until amended to a less than 100% Plan.  The Debtor agrees that the provisions of 11 U.S.C. §546 are expressly waived if the Plan is modified after two years after the entry of the Order for Relief.

II. **TREATMENT OF CLAIMS**
**ADMINISTRATIVE PRIORITY CLAIMS**   The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. 507.

1. The trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee.  Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.
2. The Counsel for the Debtor has received a retainer of $__1500.00__ prior to the filing of the case.  The balance of attorney fees in the amount of $____zero___ plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan.  After Trustee fees and prior to ongoing monthly payments to creditors, Counsel for the Debtors shall be paid a minimum of $___n/a___ upon confirmation and ___n/a_% of subsequent Plan disbursements to creditors thereafter until paid in full.

**OTHER PRIORITY CLAIMS**

1. Other Priority Claims within this class shall be paid in full, in deferred cash payments, all allowed claims entitled to priority under 507 subsequent to the payment of all secured claims. These claims consist of the following creditors:

| **Name** | **Amount** |
|---|---|
| Kalamazoo Treasurers Office | 3536.48 |
| 241 W South Street | |
| Kalamazoo, MI 49007-0007 | |

    2.    **Pre-petition Claims of Friend of the Court** alimony or other child support arrears shall be paid within the Plan by the Trustee.

    3.    **Other Priority Payments Provisions:**

**B.**    **SECURED CREDITORS**

    1.    **Debtor's Principal Residence – Mortgage:**

    a)  Creditor, _Keystone Community Bank, 107 W Michigan Ave., Kalamazoo, MI 4900_____ shall retain its lien, if a mortgagee: or if a land contract vendor, the Debtor assumes the contract. The creditor shall be paid its regular monthly payment estimated to be $1000.00___, in the following manner:

( )    1) Payments directly by the Debtor to the Creditor since the Debtor is current on the payments.

(**X** )    2) Payments through the plan commencing with the first payment due on __11/30/05__ or subsequent to the first date set for hearing on Plan Confirmation and ( **X**) prior to or ( ) pro-rata with monthly payments to other secured creditors, if any.

    3) Estimated arrearage is $_5000.00_____. Any claim filed for an arrearage shall be paid over a reasonable period of time through pro-rata distributions with other secured claimants.

    4) If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or the land contract holder of any payment increase cause by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor and counsel for the Debtor.

( )    5) The Trustee will escrow $_____per month for the payment of future property taxes on the Debtor's residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

    2.    **Pre-Petition Real Estate Tax Claims** shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. This creditor shall retain its lien on the real property pursuant to applicable state statute.

    3.    **Other Real Property Creditors** (if any) shall be treated as follows;

**CREDITOR**                                      **DELINQUENCY AMOUNT**

    **4.**    **Personal property**

    a)  **Collateral to Be Retained:** Each secured creditor in this class shall retain its lien and shall be paid as secured to the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any

secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be _____9__% or the contract rate, whichever is lower.

**CREDITOR**           **COLLATERAL**           **FAIR MARKET VALUE**           **ADEQUATE**
                       2000 Ford Taurus
                                                $2,500.00
     **PROTECTION**
Ford Cred                                                                        **PAYMENT**[1]
Po Box Box 542000
Omaha, NE 68154

---

[1] Indicates the minimum monthly adequate protection payment and the Trustee shall have the discretion to increase the payment if additional funds are available.

If the creditor seeks relief from the automatic stay at anytime during this proceeding the Trustee shall make no further payments to this creditor, as to the secured claim after receipt of an Order For Relief From Stay.

b) **Collateral to Be Surrendered:** The following collateral will be surrendered to the creditor and any deficiency shall be treated as a general unsecured claim:

**CREDITOR**                                                **COLLATERAL**

C. **EXECUTORY CONTRACTS**

1. **Land Contracts -** Pre-petition defaults on assumed land contracts shall be treated as follows:

2. **Other Executory Contracts** – The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like which shall be treated as follows:

**CREDITOR**   **PROPERTY**   **ASSUME OR REEJECT**   **PAYMENT AMOUNT**   **# MONTHS REMAINING**

D. **UNSECURED CREDITORS**

1. **General Unsecured Creditors:** Claims in this class are to paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in the classes above. The payment allowed to the general unsecured claimants will be satisfied by:

( )    a) Payment of a dividend of 100%
( )    b) Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class.
( )    c) Payment in full plus post-petition interest of _____%
( **X** )    d) Payment of that amount remaining after payment of superior classes as set above. Payment to this class shall be on a pro rata basis for __60__ months.

**Special Unsecured Creditors:** Claims in this class may include debts co-signed by an Individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines:

| **CREDITOR TO BE PAID** | **REASON FOR SPECIAL TREATMENT** | **INTEREST RATE** |
|---|---|---|
| | | |

( ) a) claims of the above creditors will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.

( ) b) The special unsecured claim of _____ shall be paid as follows:

**III**. **SPECIAL PROVISIONS**

A. Tax Returns; ail tax returns which have become due prior to the filing of this case have been filed except as follows:

B. Debtor Engaged in Business:
  ( ) Debtor is self-employed and incurs some trade credit in the production of income.
    1. 11 U.S.C. 1304(b) and (c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference.
    2. The Debtor shall comply with the provisions of the Definitive Order entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

**IV.** **OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:**

Date: ____10/30/05_____          __/s/ Donald Magett_____
                                                                       Donald Magett       , Debtor

Date: _____10/30/05_____          __/s/ Wenona Magett_____
                                                                       Wenona Magett       , Debtor